**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LOUIS G. ORSATTI, DDS, P.C.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CASE NO.  5:20-cv-00840** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **AND BLESSING SEFOFO WONYAKU,** | § | |
| | § | |
| *Defendants.* | § | |

<u>**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**</u>

Defendant Allstate Insurance Company ("Allstate") provides notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, of removal of this action, Case No. 2020-CI-11203, from the 407th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, based on diversity of citizenship, improper joinder and amount in controversy.  Allstate respectfully shows this Court the following:

**I.     BACKGROUND**

1.     On June 19, 2020, Plaintiff filed its Original Petition in a case styled *Louis G. Orsatti, DDS, P.C. v. Allstate Insurance Company and Blessing Sefofo Wonyaku*; Cause No. 2020-CI-11203 pending in the 407th Judicial District Court for Bexar County, Texas.  Plaintiff named Allstate Insurance Company ("Allstate") and adjuster Blessing Sefofo Wonyaku ("Wonyaku") as defendants.  Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings filed in the state court action are attached hereto as Exhibit C.

2.     The Petition alleges that Plaintiff was insured by Allstate under a commercial insurance policy.  (*See* Ex. C, Petition at ¶ 7.)  Plaintiff claims that it "has sustained and will sustain covered losses during the Covid-19 outbreak and subsequent Bexar County Order, State of Texas

1

Order and mandate from the American Dental Association." (*Id.* at ¶ 8.)  Plaintiff alleges that due to these orders, it could only operate in the event of a dental emergency.  (*Id.* at ¶ 10.)  Plaintiff claims that Allstate wrongfully denied its claim for resultant business interruption.  (*Id.* at ¶ 24.)[1]

3.      Allstate was served with Plaintiff's Original Petition on June 29, 2020.   In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Allstate's notice and receipt of Plaintiff's Petition.

## II.      BASES FOR REMOVAL

4.      Allstate bases its Notice of Removal on the diversity of citizenship under 28 U.S.C. Sections 1332(a), 1441(a) and 1446.  This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.  The Proper Parties are Diverse Citizens.

5.      Plaintiff Louis G. Orsatti, DDS, P.C. ("Plaintiff") is a personal dentistry corporation doing business in Bexar County, Texas.  (*See* Ex. C, Petition at ¶¶ 2 & 8 and Ex. C Policy at page 22.)  Plaintiff is, thus, a citizen of Texas.  28 U.S.C. §1332 (c)(1).

6.      Defendant Allstate is incorporated under the laws of the state of Illinois and maintains its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062. Defendant is, thus, a citizen of Illinois.  28 U.S.C. §1332 (c)(1).

7.      Co-Defendant Blessing Sefofo Wonyaku ("Wonyaku") is and was at the time the Plaintiff filed this lawsuit, a resident and citizen of the State of Texas.  However, as detailed below, Plaintiff improperly joined Ms. Wonyaku in this action, and she is, therefore, not a proper party to

---

[1] Plaintiff also asserts damages caused by Hartford and Franklin, but neither are named as defendants in the case. (*See* Ex. A, Petition at ¶ 8, "To date, Hartford and Franklin have mishandled Plaintiffs claim and caused and will continue to cause Plaintiff further and additional damages.")

this lawsuit.  Thus, as detailed below, the Court should disregard Ms. Wonyaku's Texas citizenship to evaluate diversity in this matter.

8.      Plaintiff and proper defendant Allstate are citizens of different states and there is complete diversity as required by 28 U.S.C. § 1332(c)(1).

### B.  The Amount in Controversy Exceeds $75,000.

9.      To confer subject matter jurisdiction on the court based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

10.      When determining the amount in controversy, the court first looks to the amount sought on the face of plaintiff's pleadings.  *See, e.g.,* 28 U.S.C. 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) ("the plaintiff's amount-in-controversy allegation is accepted if made in good faith."); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), reh'g denied, 70 F.3d 26 (5th Cir. 1995). Statutory penalties, including attorney's fees, may be considered in proving the jurisdictional minimum.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs.")

11.      Plaintiff alleges that it is seeking damages of "more than $100,000 but less than $200,000" (*See* Ex. C, Petition at ¶ 60) as well as statutory penalties of three times actual damages (*Id.* at ¶ 45), exemplary damages (*Id.* at ¶ 47) and attorney's fees (*Id.* at ¶ 48.)

12      Thus, it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000.

3

### III.   IMPROPER JOINDER OF ADJUSTER WONYAKU

13.     For decades, the United States Supreme Court has held that a defendant's right to removal cannot be defeated by fraudulently joining a non-diverse party.  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Hill Country Villas Townhome Owners' Ass'n, Inc. v. Everest Indem. Ins. Co.*, No. SA-19-CV-0936-JKP, 2020 WL 373375, at *5 (W.D. Tex. Jan. 23, 2020) ("Some claims by their very nature or the underlying facts may provide no reasonable prospect for recovery against an adjuster. Some may amount to no more than a hypothetical possibility for a viable cause of action. If a plaintiff only asserts either of those types of claims against an adjuster, the federal courts should find the joinder improper and deny the motion to remand.")

14.     Texas federal courts have recognized the "popular tactic" of naming non-diverse insurance adjusters in an attempt to defeat diversity jurisdiction.  *Gonzalez v. State Farm Lloyds*, No. 4:15-CV-305-A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015) (collecting cases); *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016).  As detailed below, it is Allstate's position that defendant adjuster Ms. Wonyaku has similarly been improperly joined, she is not a proper party to this lawsuit, and this Court should disregard Ms. Wonyaku's Texas citizenship in evaluating diversity.

### A.  Legal Standard for Improper Joiner.

15.     The Fifth Circuit has explained that a removing party could establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*).  Under the second

method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.

16. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id*. "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

17. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated, "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[2] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis for predicting that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under

---

[2] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

5

Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

**B.   Plaintiff fails to assert claims against Ms. Wonyaku.**

18.     Although Plaintiff spends several paragraphs describing in conclusory fashion Ms. Wonyaku's actions on behalf of Allstate, Plaintiff fails to allege any actual facts beyond the denial of coverage itself.   Plaintiff alleges that Ms. Wonyaku violated Insurance Code Sections 542.003(b)(5) and 541 because she denied Plaintiff's claim as uncovered and misrepresented coverage of the claim because she signed the denial letter and instead it should have been covered. (*See* Ex. C, Petition at ¶¶ 37-40.) Plaintiff also alleges that Ms. Wonyaku "conspired" with Allstate – her employer – to deny its claim based upon the same alleged conduct.  (*See id.* at ¶41.)  All these allegations are the same conduct as Allstate's alleged claim denial in breach of contract.

19.     Recognizing that some cases in Texas have been remanded based upon allegations of an improper domestic insurance adjuster investigation, Plaintiff includes conclusory allegations that Ms. Wonyaku looked for "pre-textual" reasons to deny the claim and conducted an improper investigation.  (*See id.* at ¶39.)  However, Plaintiff fails to allege what additional "investigation" was necessary.  Plaintiff alleges that it "suffered a physical loss of the covered property as a result of fear and actions taken to limit the impact of the pandemic on the health, safety and welfare of Bexar County citizens" (*Id.* at ¶ 16) and "pandemic, consumer fear, and the stay at home Orders have caused Plaintiff physical loss of the property and loss of business income" (*Id.* at ¶ 13). Essentially, Plaintiff alleges that, as a result of these various orders, it could only operate in the case of a dental emergency and otherwise lost business income  (*Id.* at ¶¶ 10, 16.)  Plaintiff alleges

that it reported all this, including the specific orders to Allstate.[3]  Plaintiff alleges that its claim

was denied, not because of any lack of investigation, but because Allstate (and Ms. Wonyaku)

took the position that: (a) coverage under the Policy requires "physical loss" and the Covid-19

pandemic and resultant closure orders were not a physical loss and (b) the "virus or bacteria"

exclusion applies.[4]  (*Id.* at ¶¶ 16-17.)  According to Plaintiff, this is an incorrect legal interpretation

of the plain language of its Policy.  (*See, e.g., id.* at ¶¶ 16-18.)

20.    In other words, the crux of Plaintiff's allegation is the legal interpretation of

Plaintiff's Policy - not any factual dispute.  There was no need for Ms. Wonyaku to conduct an

independent investigation of Plaintiff's property or to solicit estimates because Plaintiff itself

claims the property was not directly impacted by Covid-19 on premises, arguing that the "virus or

bacteria" exclusion cannot apply because it only applies "where a virus is fully realized and actual

cause of loss."  (*See* Ex. C, Petition at ¶ 17.)

21.    At base Ms Wonyaku's solely alleged wrongful conduct was in conveying

Allstate's decision that, under the plain language of the Policy, "Covered Causes of Loss" only

include "direct physical loss" and "fear" is not a "direct physical loss."  (*See* Ex. C, Petition at Ex.

E.)  This Petition is, thus, distinguishable from other cases in this Court finding that an adjuster

may not have been improperly joined when he or she engaged in independent conduct.  *Compare,*

*e.g. Vasquez v. State Farm Lloyds,* No. SA-17-CV-01080-DAE, 2018 WL 1899808, at *3 (W.D.

Tex. Mar. 15, 2018), report and recommendation adopted, No. 5:17-CV-1080-DAE, 2018 WL

---

[3] The cited paragraph actually states that Plaintiff reported these losses to Hartford and someone called Franklin.
(*See* Ex. A, Petition at ¶ 8.)

[4] Plaintiff does allege that Wonyaku did not investigate physical damage to property "other than Plaintiffs'" for
purposes of Civil Authority coverage.  But Plaintiff does not allege there was in fact any physical damage to other
properties or that he reported any such damage to Allstate. Moreover, the government closure orders are clear on
their face that they are not being issued because of any physical damage to any property, as required by the Policy,
but in response to the general public health emergency.  So, again, based on the allegations of the Complaint, no
further investigation was warranted: either there was coverage based on those facts or there wasn't, and Allstate
determined that there wasn't.  That, as opposed to any lack of investigation, is the issue.

1905112 (W.D. Tex. Apr. 2, 2018) (alleging adjuster for severe wind and hail storm failed to assess damage to certain parts of plaintiff's property and underpriced materials); *Barcelona Lofts, LLC v. Travelers Indem. Co. of Am.,* No. SA-17-CV-1048-OLG, 2018 WL 5787469, at *4 (W.D. Tex. Nov. 5, 2018), report and recommendation adopted, No. SA-17-CV-1048-OLG, 2018 WL 6190361 (W.D. Tex. Nov. 20, 2018) (alleging adjuster for severe wind and hail storm failed to inspect key areas of damage and misreported damage to insurer).  Here, Plaintiff alleges no such independent conduct and the conclusory allegations about a "pre-textual" denial or incomplete investigation are red-herrings designed to keep Ms. Wonyaku in this case and avoid federal jurisdiction.

22.     Plaintiff's claims against Ms. Wonyaku fail because her alleged violations are, thus, indistinguishable from Allstate's alleged violations and in particular, indistinguishable from the claim denial itself.  Plaintiff has no independent claims against Ms. Wonyaku.  *See Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949–50 (S.D. Tex. 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, 'for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage.'")(quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D.Tex.2014).)  "[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682, 686 (S.D. Tex. 2012) (Harmon, J.).  To state claims of Insurance Code violations against non-diverse insurance adjusters, plaintiffs must "allege specific actionable conduct by the adjuster and to

distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011)).

23.     Thus, Plaintiff's pleadings offer no reasonable basis for the Court to predict that the Plaintiff might be able to recover against Ms. Wonyaku in her individual capacity. *See*, *e.g.*, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (plaintiff failed to state claim against the adjuster because plaintiff's allegations focused on the insurer's handling and denial of claim); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" did not provide a reasonable basis of recovery).

### C.  Plaintiff Fails to Allege a "Civil Conspiracy" Involving Wonyaku.

24.     Plaintiff's claim for conspiracy as to Ms. Wonyaku also fails because "agents of a corporation cannot form a conspiracy while acting in their corporate capacity." *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 138 (Tex. App. - Texarkana 2000, no pet.) *See also Crouch v. Trinque*, 262 S.W.3d 417, 427 (Tex. App. 2008) ("Employees or agents of a principal acting within the course and scope of their employment or agency relationship cannot enter into a conspiracy with each other so long as they are not acting outside their capacity as an employee or agent or are not acting for a personal purpose of their own….") According to Plaintiff, Ms. Wonyaku "was at all pertinent times the agent of Allstate, through both actual and apparent authority."  (Ex. C,

Petition at ¶ 38, incorporated by reference into the conspiracy claim.) Moreover, as detailed above, Plaintiff's allegations against Ms. Wonyaku are for conduct indistinguishable from Allstate's conduct. Thus, Plaintiff has not asserted a claim for civil conspiracy against Ms. Wonyaku.

### D. Plaintiff Failed to Comply with the Requirements of Texas Insurance Code Chapter 542A.

25. Pursuant to Texas Insurance Code Section 542A.003, before a plaintiff brings a claim against an insurance adjuster under Insurance Code Section 541, it must provide notice to the adjuster. Plaintiff has failed to allege that it complied with this statutory requirement, and these claims against Ms. Wonyaku also separately fail for this reason.

### IV. THIS REMOVAL IS PROCEDURALLY CORRECT

26. As detailed above, this Notice is timely filed within the 30 days required by 28 U.S.C. § 1446(b).

27. The venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

28. Under 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

29. Promptly after Allstate files this Notice of Removal, written notice of the filing will be given to Plaintiff under 28 U.S.C. §1446(d).

30. Promptly after Allstate files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of Bexar County District Court under 28 U.S.C. §1446(d).

## V.   CONCLUSION

31.    Accordingly, and pursuant to  28 U.S.C. §§ 1332, 1441 and 1446, Defendant Allstate Insurance Company hereby removes this action to this Court based on the parties' complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL C. MAUS**
TBN:  24008803
811 Louisiana, Suite 2400
Houston, TX  77002
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2020 I caused the foregoing document to be forwarded to counsel for Plaintiff:

Shannon E. Loyd                                          via email
The Lloyd Law Firm, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas  78249
Email:  shannon@theloydlawfirm.com
*Attorney for Plaintiff Louis G. Orsatti, DDS, P.C.*

Michael Maus