IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS G. ORSATTI, DDS, P.C., | § § § | |
| *Plaintiff*, | § § § | 5-20-CV-00840-FB-RBF |
| vs. | § § § | |
| ALLSTATE INSURANCE COMPANY, BLESSING SEFOFO WONYAKU, | § § § § | |
| *Defendants*. | § § § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns (1) Plaintiff Louis G. Orsatti, DDS, P.C.'s Motion to Remand, Dkt. No. 3; (2) Orsatti's Opposed Motions for Leave to File Supplemental Authority in support of its Motion to Remand, Dkt. Nos. 20 & 21; (3) Defendants Allstate Insurance Company and Blessing Sefofo Wonyaku's Motion to Dismiss, Dkt. No. 16. *See* Dkt. No. 3; and (4) Defendants' Opposed Motion for Leave to File Supplemental Authorities in support of their Motion to Dismiss, Dkt. No. 27. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Orsatti's Motion to Remand, Dkt. No. 3, should be **GRANTED** and this case should be remanded to the 407th Judicial District of Bexar County, Texas for lack of subject matter jurisdiction. To that end, the supplemental authority provided by

Orsatti, in particular the opinion in *Jada Rest. Grp. v. Acadia Ins. Co.*, No. SA-20-cv-00807-XR (W.D. Tex. filed Jul. 10, 2020), Dkt. No. 15, is instructive. Accordingly, the Motions for Leave to File Supplemental Authority, Dkt. Nos. 20 & 21, are **GRANTED**. Assuming the District Court adopts this Recommendation, Defendants' Motion to Dismiss, Dkt. No. 16, and Motion to File Supplemental Authorities in support thereof, Dkt. No. 27, should be **DISMISSED AS MOOT**.

## Factual and Procedural Background

This insurance-coverage dispute arises out of state and local "shelter in place" orders mandating the closure of certain non-essential businesses due to the ongoing COVID-19 pandemic. *See* Orig. Pet. (Dkt. No. 1-3) ¶¶ 7-11; Exs. B & C. Plaintiff Louis G. Orsatti, DDS, P.C is a dental office operating in Bexar County, Texas. *See id.* Pursuant to the "shelter-in-place" orders, beginning March 31, 2020, Orsatti could only operate its business in the event of dental emergencies. *See id.* Because it could no longer open and conduct business as usual, Orsatti contends that it lost business income during this period. *Id.* ¶ 11. Accordingly, Orsatti reported a claim to its insurer Defendant Allstate,[1] contending that as a result of the pandemic, shelter-in-place orders, and consumer fears, it suffered a "physical loss" of the property and loss of business income and requesting that Allstate cover the cost for business interruption pursuant to the policy in effect at the time. *Id.* ¶¶ 7-14.

The policy in effect at the time provided coverage for "Loss of Business Income and Extra Expense" sustained due to "suspension" of Orsatti's operations, provided that the suspension is caused by "direct physical loss of or damage to property at [the] premises" and the loss or damage is "caused by or result[s] from a Covered Cause of Loss." *Id.* ¶ 12. The policy

---

[1] Orsatti's references in his Original Petition to Hartford appear to be a typographical error.

also provides additional coverage for the "actual loss of Business Income [Orsatti] sustain[s] and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises" provided that certain conditions are met. *Id.* ¶ 14.

Allstate assigned Defendant Blessing Sefofo Wonyaku[2] to investigate and adjust the claim. *See id.* ¶ 38. Allstate denied the claim on the grounds that the losses weren't covered by the policy, reasoning that (1) the policy's provision excluding losses caused by a virus applied and (2) there was no showing of physical damage to the property. *Id.* ¶¶ 15-17; Ex. E. But according to Orsatti, "no investigation or adjustment of the claim was done, and the claim has been wrongfully denied." *Id.* ¶ 15. Specifically, Orsatti contends that Wonyaku didn't request any documents or information relating to the claim. *See id.* Instead, Allstate, through Wonyaku, summarily denied the claim "meaning it could not have done a proper or thorough investigation or have any evidence that any exclusions apply." *Id.*

Orsatti initiated this action against Defendants Allstate and Wonyaku in the 407th Judicial District, Bexar County, Texas on June 19, 2020. *See id.* Orsatti brings claims against Allstate for (1) breach of contract; (2) unfair settlement practices in violation of Chapter 541 of the Texas Insurance Code; (3) violation of the Texas Prompt Payment Act; and (4) breach of the duty of good faith and fair dealing. *See id.* ¶¶ 29-36. Orsatti brings claims against Wonyaku for violating §§ 542.003(b)(5) and 541.060 of the Texas Insurance Code. *See id.* ¶¶ 37-40. Orsatti premises its claims against Wonyaku on her alleged "outcome-oriented investigation" and misrepresentations regarding policy coverage. *See id.* Finally, Orsatti claims that both Allstate and Wonyaku and conspired to delay and deny or underpay its claim. *See id.* ¶ 41.

---

[2] Orsatti's references in his Original Petition to Franklin appear to be a typographical error.

On July 18, Allstate removed the case to this Court, asserting diversity jurisdiction. *See* Dkt. No. 1. Orsatti timely moved to remand this case for lack of subject matter jurisdiction. *See* Dkt. No. 3. Then, a few weeks later, Orsatti filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). *See* Amend. Compl. The Amended Complaint appears to correct some typographical errors and clarify the factual allegations asserted in Orsatti's Original Petition. It doesn't assert any new causes of action or raise additional theories of relief. *Compare id. with Orig. Pet.* Allstate moves to dismiss the Amended Complaint on the grounds that (1) the plain language of the policy and relevant case law require actual physical damage to and alteration to the property for the loss to be covered and (2) the policy's virus exclusion precludes coverage. Dkt. No. 16. Allstate alleges that Orsatti's claims against Wonyaku fail "for the same reasons that its claims against Allstate fail." *Id.* at 2.

The Court will first address the threshold jurisdictional issues raised by Orsatti's Motion to Remand.

**Analysis**

There's no dispute that the amount in controversy required for diversity jurisdiction is satisfied here. In its Original Petition, Orsatti seeks more than $100,000 but less than $200,000 in damages. *See* Orig. Pet. ¶ 60.

At issue is whether there is complete diversity of citizenship. Orsatti is a professional corporation "doing business in Bexar County, Texas." Dkt. No. 1 ¶ 5. Thus, according to Allstate, Orsatti is a citizen of Texas. *Id.* But a professional corporation is treated as any other corporation for diversity purposes. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix, & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004). Accordingly, Orsatti's place of incorporation and principal place of business are what matter for citizenship purposes. Assuming

solely for this Report and Recommendation that Allstate properly pled Orsatti's citizenship, there is still a dispute concerning diversity of citizenship. Although Allstate is a citizen of Illinois, Wonyaku is a citizen of Texas. *See* Dkt. No. 1 ¶¶ 6-7. Allstate, however, contends that Wonyaku's joinder is improper and her citizenship should therefore be disregarded for jurisdictional purposes. *See id.* ¶ 7, 13-24.

Allstate's notice of removal involves two challenges to Defendant Wonyaku's joinder. First, Allstate charges that Orsatti's claims against Wonyaku fail because Orsatti hasn't pled—other than in a conclusory fashion—that Wonyaku engaged in any conduct independent from the claim denial itself. *See id.* ¶¶18-23. Second, Allstate contends that Orsatti's claims against Wonyaku must be dismissed because Orsatti didn't provide the requisite pre-suit notice as required by Section 542A.003 of the Texas Insurance Code. *See id.* ¶ 25. In its response to Orsatti's Motion to Remand, Allstate offers another argument against remand. According to Allstate, its post-suit election of responsibility for Wonyaku under Chapter 542A of the Texas Insurance Code renders Wonyaku joinder improper. *See* Dkt. No. 9 at 7 n.5. These arguments lack merit. As discussed further below, Wonyaku's citizenship is properly considered and the motion to remand should be granted.

*Diversity Jurisdiction and the Propriety of Wonyaku's Joinder.* Removal from state to federal court in these circumstances requires Allstate to demonstrate that all prerequisites to 28 U.S.C. § 1332 diversity jurisdiction are satisfied. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Relevant here is the requirement for complete diversity, which demands "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A non-diverse defendant like Wonyaku will not destroy complete diversity when improperly joined to defeat diversity jurisdiction. *Smallwood*, 385 F.3d at 572. As the removing party, the "heavy" burden of proving improper joinder rests with Allstate. *Id*.

The "inability of the plaintiff [Orsatti] to establish a cause of action against the non-diverse party [*i.e.*, Wonyaku] in state court" can provide grounds for a finding of improper joinder. *Smallwood*, 385 F.3d at 573 (quotation omitted). To prevail on such a basis here, Allstate must show "there is no possibility of recovery" by Orsatti against Wonyaku. *Id*. Stated differently, Allstate must show "there is no reasonable basis for the district court to predict that [Orsatti] might be able to recover against [the] in-state defendant [Wonyaku]." *Id*. This inquiry typically involves a Rule 12(b)(6)-type analysis to determine whether a claim is stated under state law against the non-diverse/in-state defendant (*i.e.*, Wonyaku). *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

In undertaking the improper-joinder analysis, federal courts apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). A determination of improper joinder must be based on an analysis of the causes of action alleged in the live complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Accordingly, the Court will examine whether Orsatti's Original Petition asserts "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The Court may also consult the Amended Complaint to the extent it clarifies the bases for Orsatti's claims and theories raised in the

Original Petition. *See Allbright v. W. Concrete Pumping, Inc.*, No. 1:17-CV-063-RP, 2017 WL 1374180, at *3 (W.D. Tex. Apr. 12, 2017) (collecting authorities). In this context, courts "do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). Moreover, "§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against [Wonyaku] . . . (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

*Wonyaku's Joinder Is Not Infirm; Her Citizenship Is Properly Considered in the Analysis.* Orsatti has stated at least one plausible cause of action against Wonyaku under Texas Insurance Code § 541.060(a)(2). Orsatti claims that by conducting an outcome-oriented investigation, Wonyaku engaged in unfair settlement. *See* Orig. Pet. ¶¶ 37-39.

This is not the first case in which improper joinder is alleged in the context of unfair-settlement practices claims raised against an insurance adjuster. The many decisions addressing this topic, however, are somewhat varied. Some courts have found § 541.060(a)(2) inapplicable because adjustors lack settlement authority. *See Hill Country Villas Townhome Owners' Ass'n, Inc. v. Everest Indem. Ins. Co.*, No. SA-19-CV-0936-JKP, 2020 WL 373375, at *4 (W.D. Tex. Jan. 23, 2020) (collecting authorities). But other courts disagree with that interpretation on grounds that "such a reading unduly narrows the scope of the provision." *Id.* (quoting *Roach v. Vehicle*, No. 3:15-CV-3228-G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) and *Linron Prop., Ltd. v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-293-B, 2015 WL 3755071, at *5

(N.D. Tex. Jun. 16, 2015).[3] Such differing federal opinions creates a sufficient reasonable possibility for recovery, particularly because, in the context of a motion to remand, "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013).[4]

Still, a reasonable possibility of recovery requires more than a "mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Id.* One theme that emerges from reading judicial decisions in this area is that claims against an adjuster are more likely to suffice for these purposes when they are distinct from those lodged against the insurance company; it typically is not enough for a plaintiff merely to generically allege misconduct under Section 541.060 and baldly charge the insurance company and adjuster with having committed it. But, as explained in *Turner Club v. Acadia Insurance Co.*, a plaintiff's allegations of misconduct directed against an adjuster that are distinct from alleged misconduct attributable to the insurance company can reflect a viable Section 541.060 claim against the individual adjuster:

> Causes of action for violations of Chapter 541 are, at least in some instances, viable against adjusters . . . . [T]he Fifth Circuit [has] stated that "Texas law clearly authorizes [Section 541.060] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998)). Since *Gasch*, numerous district courts in this

---

[3] *See also Don Strange of Tex. Inc. v. Cincinnati Ins. Co. v. Johnathan Andrew Malish*, No. SA-20-CV-898-XR (W.D. Tex. Sept. 14, 2020), Dkt. No. 19 at 5-7 & n. 1 (finding no improper joinder under similar circumstances as those present here).

[4] *See also Fairway Leasing, LLC v. Nationwide Mut. Ins. Co.*, No. SA-17-CA-752-XR, 2017 WL 7693373, at *3 (W.D. Tex. Oct. 4, 2017) ("[T]his split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand").

> Circuit have held that an insurance adjuster is not improperly joined in a lawsuit where the Plaintiff makes allegations of misconduct under Chapter 541 against an insurance adjuster that are distinct from those alleged against the insurance company defendant.

No. SA-17-CV-246-FB, 2017 WL 5235671, at *3-5 (W.D. Tex. May 16, 2017), *report and recommendation adopted*, 2017 WL 5505384 (W.D. Tex. Jun. 8, 2017) (collecting cases involving claims under Sections 541.060(a)(1), (a)(2), and (a)(7)).

Here, Orsatti "has properly stated a claim against [Wonyaku] for h[er] conduct as an individual adjuster." *Edwards v. State Farm Lloyds*, No. 3:17-CV-0171-G, 2017 WL 3480270, at *3 (N.D. Tex. Aug. 14, 2017). Orsatti alleges that Wonyaku "pre-textually looked only for ways to avoid coverage rather than first trying to find coverage" Orig. Pet. ¶ 39. Wonyaku, according to Orsatti, "made no request for documentation, and did not ask Plaintiff's representative any questions upon learning it had to close business due to the Orders. Instead, she immediately sent Plaintiff a denial letter stating that there is no coverage for Plaintiffs loss." *Id.* Had Wonyaku requested additional information, as she was obliged to do, Orsatti's Amended Petition suggests that Wonyaku would've found the virus exclusion provision inapplicable in this context. *See* Amend. Compl. ¶¶ 18, 20. Although Allstate contends that the plain language of the policy mandated the claim's denial and therefore an investigation would've been unnecessary, Allstate's argument "is more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the joinder of the local party." *Gasch*, 491 F.3d at 283-84 ("[T]here is no improper joinder if a defense compels the same result for the resident and nonresident defendants"). Indeed, Allstate raises a similar argument in its pending Motion to Dismiss. *See* Dkt. No. 16 at 7-8.

*Chapter 542A Doesn't Apply to This Action*. Allstate's alternative argument that Orsatti's failure to comply with the pre-suit notice requirements set forth in Section 542A.003 of the

9

Texas Insurance Code mandates Wonyaku's dismissal doesn't change matters. First, a plaintiff's non-compliance with Section 542A.003 doesn't require dismissal of the adjuster, as Allstate contends. Instead, a defendant who timely raises this issue may obtain abatement of the case[5] and, under certain circumstances, may limit a plaintiff's attorney's fee award.[6]

In a footnote in its Response, Allstate argues that even if Wonyaku was properly joined when Orsatti initiated this action, Allstate now elects to accept liability for Wonyaku pursuant to Section 542A.006, and therefore Wonyaku's joinder is now improper. *See* Resp. at 7 n.5. Decisions are split regarding whether an insurer's post-suit election renders a nondiverse adjuster improperly joined. *See Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 671 (S.D. Tex. 2020) (collecting cases). Regardless, the Court adopts the rationale in *Jada Rest. Grp. v. Acadia Ins. Co.* and finds that Chapter 542A only applies to weather-related events. No. SA-20-cv-00807-XR (W.D. Tex. filed Jul. 10, 2020), Dkt. No. 15 at 5-6. It doesn't apply to government-mandated business closures and viruses, which allegedly caused the loss at issue here. Because Chapter 542A doesn't apply to Orsatti's claim, Allstate cannot invoke the procedure set forth in 542A.006 to obtain Wonyaku's dismissal.

**Conclusion and Recommendation**

For the reasons discussed above, the Court concludes that Allstate has not met its heavy burden in sufficiently demonstrating that Defendant Wonyaku has been improperly joined. Her citizenship is therefore properly considered in the jurisdictional analysis, and her status as a Texas citizen accordingly defeats complete diversity. Because subject matter jurisdiction is

---

[5] *See Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, No. 3:20-CV-00147-G, 2020 WL 4284710, at *4 (N.D. Tex. Jul. 27, 2020) (citing Tex. Ins. Code § 542A.005).

[6] *See* Tex. Ins. Code § 542A.007(d).

therefore lacking, the Court recommends that Plaintiff's Motion to Remand, Dkt. No. 2, be **GRANTED** and that the above-numbered cause of action be **REMANDED** to the 407th Judicial District of Bexar County, Texas. Assuming the District Court adopts this Recommendation, Defendants' Motion to Dismiss, Dkt. No. 16, and Motion to File Supplemental Authorities in support thereof, Dkt. No. 27, should be **DISMISSED AS MOOT**.

Finally, **IT IS ORDERED THAT** the Motions for Leave to File Supplemental Authority, Dkt. Nos. 20 & 21, are **GRANTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*,

474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 7th day of October, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE